## SUPREME COURT.

In the matter of the Taxation of the Account of B. SLOSSON, late District Attorney of Ontario County.

A district attorney can only charge for *two subpœnas* for the same witness in the same case, from the commencement of the prosecution before the grand jury to its conclusion by verdict and final judgment, (*Session Laws*, 1839.) And this charge must apply to witnesses in cases where a *second trial* is rendered necessary in consequence of the disagreement of the jury on the first.

Where a witness duly recognized fails to attend in pursuance of such recognizance, he may be proceeded against by attachment in the same manner as if he failed to appear in pursuance of a subpœna. (*Sess. Laws*, 1845, ch. 180, p. 187, § 20.)

*Ontario Special Term, Dec.* 1849.—On the 15th November, 1849, the account of B. Slosson, Esq., as late district attorney of Ontario county, was taxed by Hon. Mark H. Sibley, county judge, &c. at $743.97. The bill as presented, amounted to $837.19, of which $9.47 was disallowed by the county judge, by the consent of Mr. Slosson, as having been erroneously charged. The further sum of $83.75 was also disallowed against the remonstrance of Mr. Slosson, leaving the amount at $743.97, which was taxed as above. The said sum of $83.75 ; was made up of charges for subpœnas for witnesses in criminal cases, exclusive of charges for subpœnas for such witness before the grand jury, and also exclusive of one subpœna for each of such witnesses before the court, in the same prosecution. A portion of these subpœnas were issued for witnesses who had been before subpœnaed and who, upon the postponement of trials were called for the purpose of having them recognized, and who failed to appear. Another portion was in a case where the witnesses had appeared on a former trial of the same cause in which the jury did not agree, and were discharged, and upon calling the witnesses to recognize them to appear at another term of the court for another trial of the same cause, they did not appear. The remaining portion were issued under the following state of facts, viz. : The causes in which they were issued were prior and up to the July Oyer and Terminer, 1849, in that court, at which time they were sent, by order thereof to the Sessions, the Oyer and Terminer having, on the first or second day of said term, dismissed the petit jury, at which time the witnesses had not appeared, and were afterwards subpœnaed to appear at the sessions.

In all the cases, the witnesses were deemed material by the district attorney.

The district attorney appealed from the taxation by the county judge under § 5 of ch. 375 of Session Laws of 1839.

T. M. HOWELL, *for appellant.*

G. GRANGER, *for supervisors of Ontario county.*

WELLES, Justice.—The first section of the act entitled "an act to regulate the fees of district attorneys, and to repeal the several acts relating to the same, passed May 7th, 1839," among other things enacts as follows: "No other or greater fees shall be allowed to any district attorney in any county in this state, (the city and county of New York, and the counties of Erie, Genesee, Rensselaer, Washington and Onondaga excepted,) for any services rendered by him in the discharge of the duties of his office as chargeable against the said county, than such as are hereinafter provided." The section then proceeds to provide for various services of the district attorney, and in relation to subpœna, is as follows: "For every subpœna actually and necessarily issued, returnable before a grand jury or court, twenty-five cents, including subpœna ticket; but no other allowance shall be made for any draft or copy of subpœna, or any draft or copy of subpœna ticket for any witness; and no more than one subpœna and subpœna ticket shall be allowed for each witness subpœnaed either before the grand jury or court; *and no allowance shall be made for any subpœna and subpœna ticket issued for the same witness, more than once in the same cause,* except when it shall become necessary to subpœna the same witness before the court, after having been subpœnaed before the grand jury."

This seems to me to settle the question. Only one subpœna is to be charged for the same witness in the same cause, after the indictment found; and only one for the same witness before the grand jury; so that no more than two subpœnas can be charged, in any case, for the same witness, from the commencement of the prosecution before the grand jury to its conclusion by verdict and final judgment. There is no room for construction or interpretation of the statute. It may, in some cases, produce inconvenience to district attorneys, and may possibly require them, occasionally, to render a service without compensation. Indeed, this they have to do every term of the court. They are required to attend before the grand jury for the purpose of examining witnesses in their presence and giving them advice upon legal matters, (2 R. S. 725, § 32,) for which no compensation is provided; besides a great variety of other duties and labors, as the experience of almost every vigilant district attorney will prove. The Legislature has seen fit to select from their various duties a portion, for which compensation is given, doubtless

deeming that sufficient for the whole. Whether the compensation is adequate, is not for courts to determine.

With respect to the particular question under consideration, it is believed the Legislature upon the subject was prompted by complaints of recklessness, not to say rapacity, of some district attorneys, who were guilty, among other things, of neglecting to have the witnesses recognized, and thus creating a necessity for issuing subpœnas a second time, or oftener, for the same witnesses in the same cause. The evil was not only, or mainly, the expense of the additional subpœna, but it led necessarily to the expense of serving them, which, upon an average, was quadruple that of issuing them. To avoid this, the district attorney is to put the witness under recognizance to appear, if another attendance is necessary. If the witness disobeys the subpœna when duly served, he is in contempt, and may be brought in on attachment, and will be compelled to pay the expense of the proceeding against him, and may be fined besides, unless he shows a good excuse for not attending. After a witness is duly recognized and neglects to attend in pursuance of his recognizance, he may be proceeded against by attachment in the same manner as if he had failed to appear in obedience to a subpœna. (Session Laws of 1845, ch. 180, p. 187, § 20.) In this way the attendance of witnesses may always be secured, if at all, at all the different terms of the court, after the indictment is found, upon being once subpœnaed.

It may be that the statute is too strict with the district attorney in not allowing him to charge for the subpœnas for witnesses in case of a second trial becoming necessary in consequence of the disagreement of the jury on the first, as was the case with respect to a portion of these rejected items. It is usual, after the testimony on a trial is closed, to discharge the witnesses. It would be regarded oppressive upon them to require them to remain in attendance after their examination is closed, and until the jury are discharged, or to enter into a recognizance for further appearance in the same cause. But however this may be, the remedy is with the Legislature, and not with the judicial authorities. The statute before recited is too specific and comprehensive to leave any doubt upon the subject.

The taxation by the county judge is affirmed, and the appeal dismissed.